# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-113V
**(Not to be Published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EVANS JOHNSON,

Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: August 19, 2016

Decision; Interim Attorney's Fees and Costs.

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## INTERIM AWARD OF ATTORNEY'S FEES AND COSTS DECISION[1]

On February 7, 2014, Lynn Johnson filed a petition as legal representative of her minor child, E.J., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the human papillomavirus vaccine ("HPV") caused E.J. to develop thrombocytopenia. ECF No. 1. On February 12, 2016, the case caption was amended to identify Evans Johnson as Petitioner, because she was no longer a minor. ECF 29. An entitlement hearing was held in Washington, D.C., on May 25, 2016.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

  Petitioner has now filed a motion for attorney's fees and costs, dated August 10, 2016, for work performed during the pendency of this matter through and including the entitlement hearing. ECF No. 41. Petitioner requests reimbursement of attorney's fees and costs in the amount of $59,069.69. *Id*. Respondent has represented that she does not object to the motion. ECF No. 43. In addition, and in compliance with General Order No. 9, Petitioner has stated that she did not incur any out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 42.

  I approve the requested amounts for interim attorney's fees and costs as reasonable. Accordingly, an award of $59,069.69 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

  **IT IS SO ORDERED.**

                     /s/ Brian H. Corcoran
                      Brian H. Corcoran
                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.