# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-113V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
EVANS JOHNSON,                                *
                                              *    Special Master Corcoran
                                              *
            Petitioner,                       *    Filed: May 2, 2017
                                              *
      v.                                      *    Decision; Attorney's Fees and Costs.
                                              *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
            Respondent.                       *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Joseph M. Pepper*, Conway Homer, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On February 7, 2014, Lynn Johnson filed a petition as legal representative of her minor child, E.J., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleged that the human papillomavirus vaccine E.J. received on July 15, 2011, caused her to develop immune thrombocytopenic purpura. ECF No. 1. On February 12, 2016, the case caption was amended to identify Evans Johnson as Petitioner, as she was no longer a minor. ECF No. 29. After an entitlement hearing held on May 25, 2016, I issued a decision denying Petitioner's request

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be made public in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

for compensation and dismissing her claim on January 6, 2017. ECF No. 48. After the entitlement hearing was held (but before issuing the entitlement decision), I awarded $59,069.69 to Petitioner in an interim fees decision for work performed during the pendency of the case, including the entitlement hearing. ECF No. 44.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 21, 2017. *See* ECF No. 51 ("Fees App"). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $2,976.74 (representing $2,949.00 in attorney's fees, plus $27.74 in costs). *Id*. Respondent filed a written reaction on April 28, 2017, indicating that he had no objection to the overall amount sought. ECF No. 52. Petitioner also stated that she had incurred no other unreimbursed costs in this case. Fees App. at 1.

Petitioner requests reimbursement of attorney's fees and costs for 0.80 hours of work performed by Christina Ciampollilo at a rate of $300 per hour; 6.20 hours of work performed by Joseph Pepper at a rate of $290 per hour; 1.40 hours of work performed by Ronald Homer at $400 per hour; and 2.60 hours of paralegal work at $135 per hour. *See* Fees App. at 6.

The hourly rates requested are in keeping with the rates that these attorneys have previously received in Vaccine Program cases, and consistent with the rates I awarded in the interim fees decision. *See, e.g., Johnson v. Sec'y of Health & Human Servs.*, No. 14-113V, 2016 WL 5224405 (Fed. Cl. Spec. Mstr. Aug. 19, 2016); *Cabrera v. Sec'y of Health & Human Servs.*, No. 13-598V, 2017 WL 656303, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I will therefore award the rates requested.

I also approve the requested attorney time as reasonable,[3] with one minor adjustment due to an over-billed entry. On January 19, 2017, Mr. Homer, Ms. Ciampollilo, and Mr. Pepper participated in a case meeting to discuss if an appeal of the entitlement decision was appropriate. Fees App. at 5. While Mr. Pepper and Mr. Homer billed 0.30 hours to this meeting, Ms. Ciampollilo billed 0.70 hours. *Id.* This entry is clearly incorrect, as the time spent in the conference should be equal for all three participants. Therefore, I will only award Ms. Ciampollilo 0.30 hours for this entry, resulting in a $120.00 deduction from the overall award. The paralegal hours incurred in this case also appear to be reasonable. Therefore, the remaining hours will be awarded in full. And I find the additional costs sum to be reasonable.

Accordingly, an award of **$2,856.74** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Joseph Pepper, Esq. Payment of this amount represents all

---

[3] Though there is some duplication of work between Mr. Homer and Mr. Pepper, I find the amount of time Mr. Homer spent on these tasks was significantly less than that of Mr. Pepper, which is appropriate for a supervising partner.

attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

      **IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.